Approved: _____
         EMILY DEININGER
         Assistant United States Attorney

Before:  THE HONORABLE SARAH NETBURN
         United States Magistrate Judge
         Southern District of New York                    **22 MAG 8464**

- - - - - - - - - - - - - - - - - - - X
                                      :      **SEALED COMPLAINT**
UNITED STATES OF AMERICA              :
                                      :      Violations of
        - v. -                        :      18 U.S.C. §§ 371,
                                      :      1349, and 1957
MOSHE ROSENFELD, and                  :
ZVI ZIGELMAN,                         :      COUNTY OF OFFENSE:
     a/k/a "Aron Zigelman,"           :      NEW YORK
                                      :
                     Defendants.      :
- - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        JENNIFER LEWIS, being duly sworn, deposes and says
that she is a Special Agent with the United States Federal
Bureau of Investigations ("FBI"), and charges as follows:

**COUNT ONE**
**(Conspiracy to Commit Bank Fraud)**

        1.    From at least in or about May 2020 through at
least in or about September 2020, in the Southern District of
New York and elsewhere, MOSHE ROSENFELD and ZVI ZIGELMAN, a/k/a
"Aron Zigelman," the defendants, and others known and unknown,
willfully and knowingly, did combine, conspire, confederate, and
agree together and with each other to commit bank fraud, in
violation of Title 18, United States Code, Section 1344.

        2.    It was a part and an object of the conspiracy
that MOSHE ROSENFELD and ZVI ZIGELMAN, a/k/a "Aron Zigelman,"
the defendants, and others known and unknown, would and did
execute, and attempt to execute, a scheme and artifice to
defraud a financial institution, the deposits of which were then
insured by the Federal Deposit Insurance Corporation ("FDIC"),
and to obtain moneys, funds, credits, assets, securities, and
other property owned by, and under the custody and control of,
such financial institution, by means of false and fraudulent

pretenses, representations, and promises, in violation of Title
18, United States Code, Section 1344, to wit, ROSENFELD and
ZIGELMAN engaged in a scheme to obtain over $2 million in
Government-guaranteed loans from FDIC-insured banks through two
loan programs of the United States Small Business Administration
(the "SBA") designed to provide relief to small businesses
during the COVID-19 pandemic, namely the Paycheck Protection
Program (the "PPP") and the Economic Injury Disaster Loan
("EIDL") Program, by means of false and fraudulent
representation and documents.

        (Title 18, United States Code, Section 1349.)

<h3 align="center"><u>COUNT TWO</u><br>(Conspiracy to Commit Wire Fraud)</h3>

        3.    From at least in or about May 2020 through at
least in or about September 2020, in the Southern District of
New York and elsewhere, MOSHE ROSENFELD and ZVI ZIGELMAN, a/k/a
"Aron Zigelman," the defendants, and others known and unknown,
willfully and knowingly, did combine, conspire, confederate, and
agree together and with each other to commit wire fraud, in
violation of Title 18, United States Code, Section 1343.

        4.    It was a part and an object of the conspiracy
that MOSHE ROSENFELD and ZVI ZIGELMAN, a/k/a "Aron Zigelman,"
the defendants, and others known and unknown, having devised and
intending to devise a scheme and artifice to defraud and for
obtaining money and property by means of false and fraudulent
pretenses, representations, and promises, would and did
knowingly transmit and cause to be transmitted by means of wire,
radio, and television communication in interstate and foreign
commerce, writings, signs, signals, pictures, and sounds for the
purpose of executing such scheme and artifice, in violation of
Title 18, United States Code, Section 1343, to wit, ROSENFELD
and ZIGELMAN engaged in a scheme to obtain over $2 million in
Government-guaranteed loans from the SBA and financial
institutions through the PPP and EIDL Programs by means of false
and fraudulent representations and documents.

        (Title 18, United States Code, Section 1349.)

## COUNT THREE
### (Conspiracy to Make False Statements to a Bank)

5.   From at least in or about May 2020 through at
least in or about September 2020, in the Southern District of
New York and elsewhere, MOSHE ROSENFELD and ZVI ZIGELMAN, a/k/a
"Aron Zigelman," the defendants, willfully and knowingly did
combine, conspire, confederate, and agree together and with each
other to make false statements for the purpose of influencing
the actions of financial institutions, in violation of Title 18,
United States Code, Section 1014.

6.   It was a part and an object of the conspiracy
that MOSHE ROSENFELD and ZVI ZIGELMAN, a/k/a "Aron Zigelman,"
the defendants, would and did knowingly make false statements or
reports for the purpose of influencing the actions of financial
institutions, the accounts of which were insured by the FDIC, in
connection with an application, advance, discount, purchase,
purchase agreement, repurchase agreement, commitment, and loan,
to wit, ROSENFELD and ZIGELMAN made false statements to FDIC-
insured banks regarding, among other things, the number of
employees and wages paid to employees of various companies, for
the purpose of obtaining over $1 million in Government-
guaranteed loans through the PPP program.

(Title 18, United States Code, Section 371.)

## COUNT FOUR
### (Conspiracy to Make False Statements to the SBA)

7.   From at least in or about May 2020 through at
least in or about September 2020, in the Southern District of
New York and elsewhere, MOSHE ROSENFELD and ZVI ZIGELMAN, a/k/a
"Aron Zigelman," the defendants, willfully and knowingly did
combine, conspire, confederate, and agree together and with each
other to make false statements for the purpose of influencing
the action of the SBA, in violation of Title 15, United States
Code, Section 645(a).

8.   It was a part and an object of the conspiracy
that MOSHE ROSENFELD and ZVI ZIGELMAN, a/k/a "Aron Zigelman,"
the defendants, would and did knowingly and willfully make a
false statement for the purpose of obtaining a loan for an
applicant, influencing in any way the action of the SBA, and
obtaining money, property, or anything of value, under Chapter
14 of Title 15 of the United States Code, to wit, ROSENFELD and
ZIGELMAN made false statements to the SBA regarding, among other

things, the number of employees at various companies, for the purpose of obtaining over $1 million through the EIDL Program administered by the SBA.

(Title 18, United States Code, Section 371.)

## COUNT FIVE
### (Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity)

9.    In or about July 2020, in the Southern District of New York and elsewhere, ZVI ZIGELMAN, a/k/a "Aron Zigelman," the defendant, knowingly engaged and attempted to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, the wire fraud and bank fraud conspiracies charged in Counts One and Two.

(Title 18, United States Code, Section 1957).

The bases for my knowledge and for the foregoing charges are, in part, as follows:

10.    I am a Special Agent with the FBI and I have been personally involved in the investigation of this matter.  This affidavit is based on that experience, my conversations with other law enforcement officials, and my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### Overview of the Fraudulent Conduct

11.    MOSHE ROSENFELD, the defendant, is a U.S. citizen who resides in Brooklyn, New York.  According to my review of various bank records, ROSENFELD is the Treasurer of Sar Shalom Inc. ("Sar Shalom"), which purports to be a not-for-profit entity providing financial aid to the Jewish community.[1]

---

[1] All charitable organizations operating in New York State are required to register and file annual financial reports with the Attorney General's Office.  Based on my conversations with another law enforcement officer, I know that a records check

12.   ZVI ZIGELMAN, a/k/a "Aron Zigelman," the defendant, is a U.S. citizen who resides in Brooklyn, New York.

13.   Between at least in or about May 2020 through at least in or about September 2020, ROSENFELD and ZIGELMAN applied to the SBA and at least two banks for a total of over $2 million in government-guaranteed loans through the SBA's PPP and EIDL Programs for various purported businesses that they owned and controlled.  In connection with these loan applications, ROSENFELD, ZIGELMAN, and others known and unknown, represented, among other things, that those businesses together had over two hundred employees and paid millions of dollars in wages to those employees on a monthly basis.  In fact, as described below, those business do not appear to have had any employees.  In order to support the false representations, ROSENFELD and ZIGELMAN submitted fraudulent tax records and/or doctored bank records to the SBA and at least two banks.

14.   As a result of ROSENFELD and ZIGELMAN's fraudulent representations, the SBA approved and disbursed at least approximately $792,000 EIDL Program loan funds, and a bank approved and disbursed approximately $411,000 in PPP loan funds.  The EIDL Program and PPP funds were funneled into a personal online trading account held by ZIGELMAN, rather than being used for employee payroll or another permissible purpose pursuant to the terms of the loans.

<u>Background on the Paycheck Protection Program and EIDL</u>

15.   The United States Small Business Administration ("SBA") administers assistance of American small business, including guaranteeing loans that are issued by certain lenders to qualifying small businesses.

16.   The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted on March 29, 2020 designed to provide emergency financial assistance to the millions of Americans who suffered the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses through the PPP.  On April 24, 2020 the Paycheck Protection Program ("PPP") and Health Care Enhancement

---

with the New York State Attorney General's Charities Bureau yielded no results for Sar Shalom.

Act was signed into law, authorizing over $300 billion in
additional PPP funding.

17.   The PPP allows qualifying small businesses and
other organizations to receive unsecured SBA-guaranteed loans
with a maturity of two years and interest rate of one percent.
PPP loan proceeds must be used for payroll costs, mortgage
interest, rent, and/or utilities.  The PPP allows the interest
and principal to be forgiven if the business spends the loan
proceeds on these expenses within eight weeks of receipt and
uses at least 75% of the loan proceeds for payroll expenses.

18.   Pursuant to the CARES Act, the amount of PPP
funds a business is eligible to receive is determined by the
business's number of employees and its average payroll costs.
Businesses applying for a PPP loan must provide documentation
confirming that they have previously paid employees the
compensation represented in the loan application.

19.   The PPP is overseen by the SBA, but individual
PPP loans are issued by approved commercial lenders that receive
and process PPP applications and the associated supporting
documentation, and then make loans using the lenders' own funds.

20.   The CARES Act also expanded the separate Economic
Injury Disaster Loan ("EIDL") program, which is administered by
the SBA.  The EIDL program provides small businesses with low-
interest loans of up to $2 million to help them recover from the
economic impacts of the COVID-19 pandemic.  The maximum amount
of an EIDL was determined by a formula based on the date the
borrower began operating and the borrower's gross revenue and
cost of goods sold and/or lost rents for the 12 months prior to
January 31, 2020.  EIDLs could be used for working capital and
other normal operating expenses.  EIDL applicants could also
request an advance of up to $10,000 to pay allowable working
capital needs, provided the EIDL application contains a self-
certification under penalty of perjury of the applicant's
eligibility for an EIDL.  Unlikely the PPP, which is
administered through banks, the SBA directly makes loans to
applicants under the EIDL program.

<u>The PPP Loan Application for USA DIP Corporation</u>

21.   Based on my review of records obtained from a
FDIC-insured financial institution headquartered in Atlanta,
Georgia ("Bank-1"), I have learned the following, in substance
and in part, regarding a PPP loan application submitted for a

purported business called USA DIP Corporation ("USA DIP") by ZVI ZIGELMAN, a/k/a "Aron Zigelman," the defendant:

      a.   On or about May 21, 2020, ZIGELMAN applied to Bank-1 for a $411,000 PPP loan for USA DIP (the "USA DIP Application").  The USA DIP Application was signed by ZIGELMAN.

      b.   The USA DIP Application represented, in substance and in part, that USA DIP was incorporated in New York State; had an average monthly payroll of approximately $164,440; 23 employees; and that the loan funds would be used for payroll and lease/mortgage interest.  The USA DIP Application also represented that ZIGELMAN was the sole owner of USA DIP.

      c.   The address listed in the USA DIP Application for both USA DIP and ZIGELMAN was a residential address in Brooklyn, New York (the "Zigelman Address").

      d.   To support the representations made in the USA DIP Application, ZIGELMAN submitted to Bank-1, among other things, a purported Internal Revenue Service ("IRS") Form W-3 (Transmittal of Wage and Tax Statements) for USA DIP (the "USA DIP Form W-3"), which stated that USA DIP had 23 employees who were paid a total of approximately $1,887,000 during fiscal year 2019.[2]  The USA DIP Form W-3 was unsigned and undated.

      e.   On or about May 21, 2020, Bank-1 approved a $411,100 PPP loan to USA DIP, which was disbursed to a bank account held at a financial institution headquartered in Manhattan ("Bank-2") in the name of USA DIP (the "USA DIP Account") on or about May 26, 2020.

<u>The PPP Loan Application for Rose 123</u>

      22.   Based on my review of records obtained from an entity responsible for processing PPP applications (the "PPP Processor") for, among others, a FDIC-insured financial institution headquartered in Salt Lake, Utah ("Bank-3"), I have learned the following, in substance and in part, regarding a PPP loan application submitted for a purported business called Rose 123 Consulting LLC ("Rose 123") by MOSHE ROSENFELD, the defendant:

---

[2] The IRS Form W-3 provides a summary of the wages and contributions paid by a business for the previous year.

a.   On or about June 5, 2020, ROSENFELD submitted an application to the PPP Processor for a $708,930 PPP loan for Rose 123 (the "Rose 123 Application").  The Rose 123 Application was signed by ROSENFELD.

b.   The Rose 123 Application represented that Rose 123 was incorporated in New York State; had an employer identification number, or EIN,[3] ending in 3055 (the "Rose 123 EIN"); an average monthly payroll of approximately $283,572; 39 employees; and that the loan funds would be used for payroll and lease/mortgage interest.  The Rose 123 Application also represented that ROSENFELD was the sole owner of Rose 123.

c.   The address listed in the Rose 123 Application for both Rose 123 and ROSENFELD was a residential address in Brooklyn, New York (the "Rosenfeld Address").

d.   In support of the Rose 123 Application, ROSENFELD submitted to the PPP Processor, among other things:

i.   A purported IRS Form W-3 (Transmittal of Wage and Tax Statements) for Rose 123 (the "Rose 123 Form W-3"), which reported that Rose 123 had 39 employees who were paid a total of approximately $3,402,874 during fiscal year 2019. The Rose 123 Form W-3 was unsigned and undated.

ii.   A purported bank statement for an account held at Bank-2 ending in 3095 (the "3095 Account") that showed that the 3095 Account was held in the name of Rose 123 and associated with the Rosenfeld Address.  In fact, this bank statement was fraudulent.  As described below, the 3095 Account was held in the name of ZVI ZIGELMAN, a/k/a "Aron Zigelman," the defendant, and associated with the Zigelman Address.

e.   On or about June 19, 2020, the PPP Processor notified ROSENFELD that it was unable to approve the Rose 123 Application because it had been unable to verify the information submitted.

<u>The EIDL Applications to the SBA</u>

23.  Based on my review of records obtained from the SBA, I have learned, in substance and in part, the following:

---

[3] EINs are federal tax identification numbers used to identify business entities.

a.    Between on or about June 18, 2020 and on or about September 14, 2020, ZVI ZIGELMAN, a/k/a "Aron Zigelman," the defendant, and other individuals who I believe, based on my participation in this investigation, to be family members of ZIGELMAN, submitted at least thirteen EIDL applications (collectively, the "Zigelman EIDL Applications") to the SBA via the SBA's online portal.  The below chart summarizes certain information regarding the Zigelman EIDL Applications:

| Business Name | Date EIDL Application Submitted | Applicant / Purported Business Owner | Purported # of Employees | Purported Gross Revenue | Purported Cost of Goods Sold And/Or Lost Rents | Loan Application Approved |
|---|---|---|---|---|---|---|
| USA DIP Corporation | 06/18/2020 | Aron Zigelman | 13 | $945,000 | $519,200 | No |
| DIP USA LLC | 06/18/2020 | Aron Zigelman | 12 | $874,500 | $345,000 | No |
| D&Z NY LLC | 06/18/2020 | Sara Zigelman | 11 | $485,000 | $289,200 | No |
| 1808 Ave P LLC | 06/24/2020 | Rachel Zigelman | 14 | $945,250 | $142,630 | Yes |
| 4201 12 Ave LLC | 06/24/2020 | Frady Zigelman | 13 | $654,200 | $165,200 | Yes |
| 4406 12 Ave LLC | 07/02/2020 | Gitel Zigelman | 16 | $1,456,200 | $412,000 | Yes |
| Budget Think Corporation | 07/28/2020 | Aron Zigelman | 11 | $814,521 | $12,400 | No |
| 22 Tradition Corporation | 08/20/2020 | Gitel Zigelman | 12 | $400,000 | 0 | Yes |
| Tradition 22 Corporation | 09/07/2020 | Israel Zigelman | 14 | $450,000 | 0 | No |
| Woodridge of Tradition Corporation | 09/07/2020 | Frady Zigelman | 11 | $380,000 | 0 | No |
| DIP USA LLC | 09/07/2020 | Israel Zigelman | 14 | $375,000 | 0 | No |
| Thinking Budget Corporation | 09/07/2020 | Rachel Zigelman | 13 | $400,000 | 0 | No |
| RSBM C Corporation | 09/14/2020 | Zvi Zigelman | 12 | $400,000 | 0 | No |

b.    The Zigelman EIDL Applications were all submitted from the same IP address (the "Brooklyn IP Address"), which, based on my review of records obtained from an internet service provider, is associated with an address in Brooklyn, New York.

c.    The address listed for each business in the Zigelman EIDL Applications (collectively, the "Zigelman EIDL Entities") was the Zigelman Address.

d.    Between on or about June 18, 2020 and on or about July 8, 2020, MOSHE ROSENFELD, the defendant, submitted at least two EIDL applications (collectively, the "Rosenfeld EIDL Applications") to the SBA via the SBA's online portal.  The below chart summarizes certain information regarding the Rosenfeld EIDL Applications:

| Business Name | Date EIDL Application Submitted | Applicant / Purported Business Owner | Purported # of Employees | Purported Gross Revenue | Purported Cost of Goods Sold And/Or Lost Rents | Loan Application Approved |
|---|---|---|---|---|---|---|
| Israel Gift Store Inc. | 06/18/2020 | Moshe Rosenfeld | 12 | $985,000 | $475,000 | No |
| MRH26 LLC | 07/08/2020 | Moshe Rosenfeld | 13 | $984,569 | $160,000 | Yes |

   e. The Rosenfeld EIDL Applications were both submitted from the Brooklyn IP Address, which, as noted above, was also used to submit the Zigelman EIDL Applications.

   f. The business address listed in the EIDL application for MRH26 LLC ("MRH26") was the Rosenfeld Address, which, as described above in paragraph 22(c), was also listed as the business address for Rose 123 in the PPP application submitted by ROSENFELD to the PPP Processor.

   g. On or about July 2, 2020, the SBA approved the EIDL application submitted on June 24, 2020 on behalf of 1808 Ave P LLC ("1808 Ave P") and authorized a $132,700 EIDL, which was disbursed to a bank account held at Bank-2 in the name of 1808 Ave P (the "1808 Ave P Account") on or about July 7, 2020.  On or about July 14, 2020, a $10,000 EIDL advance was also disbursed to the 1808 Ave P Account.

   h. On or about July 2, 2020, the SBA approved the EIDL application submitted on June 24, 2020 on behalf of 4201 12 Ave LLC ("4201 12 Ave") and authorized a $150,000 EIDL, which was disbursed to a bank account held at Bank-2 in the name of 4201 12 Ave (the "4201 12 Ave Account") on or about July 10, 2020.  On or about July 14, 2020, a $10,000 EIDL advance was also disbursed to the 4201 12 Ave Account.

   i. On or about July 19, 2020, the SBA approved the EIDL application submitted on July 2, 2020 on behalf of 4406 12 Ave LLC ("4406 12 Ave")[4] and authorized a $150,000 EIDL, which was disbursed to a bank account held at Bank-2 in the name of

---

[4] The business name listed on the EIDL application submitted to the SBA was 4206 12 Ave, but the associated bank account was held in the name of 4406 12 Ave, and the associated business email address was 440612ave@gmail.com.  In addition, NYDOS records show that Aron Zigelman registered a corporate entity named 4406 12 Ave LLC in December 2004.  Accordingly, I believe the business entity's name was listed as 4206 12 Ave in error, and that corporate entity is referred to herein as 4406 12 Ave.

4406 12 Ave (the "4406 12 Ave Account") on or about July 27, 2020.  On or about July 7, 2020, a $10,000 EIDL advance was also disbursed to the 4406 12 Ave Account.

j.   On or about July 26, 2020, the SBA approved the EIDL application submitted by ROSENFELD on July 8, 2020 on behalf of MRH26 and authorized a $150,000 EIDL, which was disbursed to an account held at a bank headquartered in New York, New York (the "MRH26 Account") on or about July 27, 2020. On or about July 8, 2020, a $10,000 EIDL advance was also disbursed to the MRH26 Account.

k.   On or about August 25, 2020, the SBA approved the EIDL application submitted on August 20, 2020 on behalf of 22 Tradition Corp ("22 Tradition") and authorized a $150,000 EIDL, which was disbursed to a bank account held at Bank-2 in the name of 22 Tradition (the "22 Tradition Account") on or about September 5, 2020.

l.   The other nine Zigelman EIDL Applications and the EIDL Application submitted by ROSENFELD on behalf of Isreal Gift Store Inc ("Isreal Gift Store") were declined or determined by the SBA to be duplicative of other EIDL applications that had been submitted to the SBA.  However, a $10,000 EIDL advance was approved and disbursed in connection with the EIDL Applications submitted on June 18, 2020 on behalf of USA DIP and on June 18, 2020 on behalf of Isreal Gift Store.

<u>Evidence of ROSENFELD and ZIGELMAN's Submission of
Fraudulent Information and Documents</u>

24.   Based on my review of records obtained from Bank-2 and a financial institution headquartered in Manhattan ("Bank-4"), I know the following:

a.   MOSHE ROSENFELD, the defendant, is the signatory for an account at Bank-4 in the name of Sar Shalom, the purported charity referenced above in paragraph 11.

b.   On or about May 26, 2020, the same day that the $411,000 from the USA DIP PPP loan was received into the USA DIP Account, $25,000 was transferred from the USA DIP Account, which was opened by ZVI ZIGELMAN, a/k/a "Aron Zigelman," the defendant, to an account at Bank-4 held in the name of Sar Shalom (the "Sar Shalom Account").

c.   As described in paragraph 22(d)(ii),
ROSENFELD submitted a bank statement for the 3095 Account to the
PPP Processor in connection with the Rose 123 Application that
purported to show that the 3095 Account was a business account
held by Rose 123.  In fact, the 3095 Account was a personal
account held in the name of ZIGELMAN.  In addition, the 3095
Account was associated with the Zigelman Address, not the
Rosenfeld Address.

d.   ZIGELMAN is an authorized signor for the
3095 Account, the USA DIP Account, the 4201 12 Ave Account, the
22 Tradition Account, the 4406 12 Ave Account, and the 1808 Ave
P Account.

e.   Based on my training, experience, and
participation in this investigation, it appears that the 3095
Account, USA DIP Account, 4201 12 Ave Account, 22 Tradition
Account, 4406 12 Ave Account, and the 1808 Ave P Account do not
contain any transactions consistent with employee payroll
payments.

f.   The vast majority of the PPP and EIDL funds
disbursed into the USA DIP Account, the 4201 12 Ave Account, the
22 Tradition Account, the 4406 12 Ave Account, and the 1808 Ave
P Account, which, as discussed above, were all controlled by
ZIGELMAN, were transferred to the 3095 Account and then funneled
to an account at an entity that provides an online trading
platform (the "Brokerage Account"), held by ZIGELMAN, via a
financial institution in Manhattan, New York.

g.   For example, financial analysis of the 1808
Ave P Account and the 3095 Account show the following:

i.   The 1808 Ave P Account was opened on or
about June 23, 2020, the day before the 1808 Ave P EIDL
application was submitted.

ii.   $132,600 in EIDL funds was deposited
into the 1808 Ave P Account on or about July 7, 2020.  Prior to
that deposit, there had been no activity in the 1808 Ave P
Account.

iii.   Another $10,000 from an EIDL advance
was deposited into the 1808 Ave P Account on or about July 14,
2020.

iv.     The 1808 Ave P Account had the
following outgoing transfers between July 7, 2020 and July 16,
2020:

- $50,000 on or about July 7, 2020 to the 3095
  Account.

- $20,000 on or about July 13, 2020 to the 3095
  Account.

- $5,000 on or about July 15, 2020 to the USA DIP
  Account.

- Two $20,000 transfers on or about July 15, 2020 to
  the 3095 Account.

- $27,600 on or about July 16, 2020 to the 3095
  Account.

v.     At the conclusion of the above-listed
outgoing transfers, the balance of the 1808 Ave P Account was
zero.

vi.     On the same day as each of the above-
listed outgoing transfers from the 1808 Ave P Account to the
3095 Account, a wire transfer for the same amount was sent
shortly thereafter from the 3095 Account to the Brokerage
Account via a financial institution in Manhattan, New York.

25.   In New York State, employers must register with
the New York State Department of Labor ("NYDOL") when they meet
the conditions for unemployment insurance liability.  General
business employers are liable as of the first calendar quarter
that they pay any employee $300 or more.  Based on my review of
records obtained from the NYDOL, I know the NYDOL has been
unable to locate any records for USA DIP, Rose 123, 4201 12 Ave,
22 Tradition, 4406 12 Ave, 1808 Ave P, MRH26, or Isreal Gift
Store.

26.   Based on my review of records obtained from the
SBA and the New York Department of State ("NYDOS"), I know the
following:

a.   At least five of the Zigelman EIDL
Applications stated that the business in question had been
established for multiple years even though no documentation was

filed with the NYDOS to obtain a certificate of incorporation until less than a month prior to the relevant EIDL application. For example:

                i.      The EIDL application submitted on or about July 28, 2020 on behalf of Budget Think Corporation stated that it had been established in 2018, whereas the initial filing for that entity with the NYDOS was on or about July 7, 2020.

                ii.     The EIDL application submitted by on or about August 20, 2020 on behalf of 22 Tradition Corporation stated that it had been established in 2016, whereas the initial filing for that entity with the NYDOS was on or about July 29, 2020.

                iii.    The EIDL application submitted on or about September 7, 2020 on behalf of Woodridge of Tradition Corporation stated that it had been established in 2016, whereas the initial filing for that entity with the NYDOS was on or about September 3, 2020.

                iv.     The EIDL application submitted on or about September 7, 2020 on behalf of Thinking Budget Corp. stated that it had been established in 2018, whereas the initial filing for that entity with the NYDOS was on or about September 3, 2020.

                v.      The EIDL application submitted by on or about September 14, 2020 on behalf of RSBM C Corp stated that it had been established in 2015, whereas the initial filing for that entity with the NYDOS was made on or about September 10, 2020.

       b.   With one exception, the documentation filed with the NYDOS for the Zigelman EIDL Entities identified ZVI ZIGELMAN, a/k/a "Aron Zigelman," the defendant, as the incorporator and/or organizer for each entity.  RSBM C Corporation was incorporated by MOSHE ROSENFELD, the defendant, on or about September 10, 2020.  Sara Zigelman, Frady Zigelman, Rachel Zigelman, Gitel Zigelman, and Israel Zigelman are not identified as having any relationship with any of the Zigelman EIDL Entities in the documentation filed with the NYDOS.

    27.  Based on searches I conducted in public records databases, it appears the EINs listed in the Zigelman EIDL Applications are generally not valid EINs.  Likewise, the Rose 123 EIN, USA DIP EIN, and the EINs listed on the EIDL

applications for MRH26 and Isreal Gifts Store do not appear to be valid EINS.

       WHEREFORE, the deponent respectfully requests that warrants be issued for the arrest of MOSHE ROSENFELD and ZVI ZIGELMAN, a/k/a "Aron Zigelman," the defendants, and that they be arrested and imprisoned or bailed, as the case may be.

/s authorized electronic signature
_____
JENNIFER LEWIS
Special Agent
Federal Bureau of Investigation


Sworn to before me this
_21_th day of October, 2022

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK